BORLAND v. McNALLY.

1. **Practice in Supreme Court :** ASSIGNMENT OF ERRORS. When the record fails to disclose that the ruling objected to in the assignment of errors was made, the judgment of the court below will be affirmed.

2. ———— : ABSTRACT. If the abstract fails to show that it contains all the testimony, the judgment will not be disturbed because it is not sustained by the evidence.

*Appeal from Muscatine Circuit Court.*

WEDNESDAY, JUNE 5.

ACTION to recover damages sustained on account of a road having been located upon lands conveyed by defendant to plaintiff by deed of warranty. There was a trial to the court without a jury, and judgment for defendant. Plaintiff appeals.

*W. F. Brannan* and *D. C. Cloud*, for appellant.

*Hanna, Fitzgerald & Hughes*, for appellee.

BECK, J.—The petition alleges that, in 1867, defendant conveyed to plaintiff, by deed of general warranty, certain lands in Muscatine county; that the covenants of warranty contained in the deed were broken by reason of a road having been, prior to the execution of the deed, established upon the lands conveyed; that the plaintiff had no knowledge of the existence of the road when the deed was executed by him; that defendant represented to plaintiff no such road had been established upon the lands; that defendant undertook "to pay plaintiff all damages he would sustain on account of said road, as well as moneys expended by him, should it be determined that the road had been located over the premises," and that the board of supervisors made an order for the opening of the road, and plaintiff instituted proceedings in chancery to restrain the opening of the road, wherein it was determined that the road had been, prior to the execution of the deed by defendant, legally established, and it was therefore ordered to be opened. The petition alleges that plaintiff sustained damages to the amount of two thousand five hundred dollars on account of said road, and has expended two hundred dollars in prosecuting the action instituted by him.

The defendant, in his answer, admits the execution of the deed, and denies all other allegations of the petition; he avers that, if the road has been established, it was by reason of agreements and acts of admission of plaintiff. The cause was submitted to the court without a jury upon oral testimony. No findings of facts or law were made.

Counsel for both parties denominate this as an equitable action in the title of the cause. We are unable to discover why this is done; it is shown by the pleadings to be purely a law case.

Borland v. McNally.

If it be regarded as an equitable action it cannot be tried here *de novo*, for the reason that the testimony is not shown to have been reduced to writing under an order of court made in pursuance of Code, § 2742.

If it be regarded as a chancery case, not triable here *de novo*, or as a law action, it must be tried upon errors assigned upon the record, and under familiar rules prescribed by the statute, and frequent decisions of this court, we can only consider questions presented in an assignment of errors. But the only assignment of errors we find is to the effect that the court erred in holding—*First*, that a highway is not a legal incumbrance ; and *second*, in rendering judgment for defendant.

The record does not show the ruling complained of in the first assignment of errors was made by the court, nor, indeed, can we determine upon what ground the decision was rendered. The abstract does not purport to give all the testimony, and, indeed, it clearly appears that all is not given. We cannot, therefore, hold that the grounds of the court's decision, or the decision itself, is erroneous. On the contrary, we must presume it to be correct, and that sufficient evidence was before the court to justify the conclusion reached, resulting in a judgment for defendant.

1. PRACTICE in the supreme court: assignment of errors.

AFFIRMED.